**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ALFREDO LEWIS,

                           **Plaintiff,**

   vs.                                                  9:15-CV-55
                                                              (MAD/ATB)

DAVID MARTINEZ, et. al.,

                           **Defendants.**

---

**APPEARANCES:**                                      **OF COUNSEL:**

**ALFREDO LEWIS**
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **MELISSA A LATINO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this Section 1983 civil rights action *pro se* on July 7, 2014, in the Southern District of New York, against Ulster Correctional Facility ("Ulster") and Downstate Correctional Facility ("Downstate"). *See* Dkt. No. 1 at 1. In his Complaint, Plaintiff alleges misconduct by several officers on June 24, 2014 through June 26, 2014, while he was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1-1 at 1-2. Specifically, Plaintiff claims that he was sexually assaulted during a strip frisk at Ulster and denied food and a working toilet for two days at Downstate. *See* Dkt. No. 61 at 1.

Plaintiff filed an Amended Complaint on December 16, 2014, *see* Dkt. No. 11, and on January 16, 2015, Chief Judge Loretta Preska of the Southern District of New York transferred the action to the Northern District of New York, *see* Dkt. No. 13 at 3-4. On March 26, 2018, Defendant Martinez filed a Motion for Summary Judgment.[1] *See* Dkt. No. 51. Plaintiff opposed that motion on April 16, 2018, and on May 24, 2018, Martinez filed a reply. *See* Dkt. Nos. 55, 60.

On November 9, 2018, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation terminating the action against Superintendent Rosemary Wendland and recommending that the Amended Complaint be dismissed with prejudice as against Defendants Martinez and Harris, and without prejudice as against the John Doe Defendants. *See* Dkt. No. 61 at 26-27. Plaintiff did not file any objections to the Order and Report-Recommendation.

## II. DISCUSSION

**A.    Lack of Objections**

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)

---

[1] Although Plaintiff named multiple Defendants, Martinez was the only Defendant served with the Complaint.

2

(holding that a *pro se* party's failure to object to a report-recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Baxter provided Plaintiff adequate notice that he was required to file any objections to the Order and Report-Recommendation, and specifically informed Plaintiff that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 38 at 18. Specifically, the Order and Report-Recommendation states that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec. of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72." *See id.* Thus, Plaintiff clearly had sufficient notice of the consequences of failing to object to the Order and Report-Recommendation.

**B.     Analysis of the Order and Report-Recommendation**

*1. Legal Standard*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all

reasonable inferences in favor of the nonmoving party. *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)).

### 2. *Application*

Having carefully reviewed Magistrate Judge Baxter's Order and Report-Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Baxter correctly concluded that the Amended Complaint should be dismissed. First, regarding the conditions of confinement claim, the undisputed facts establish that Plaintiff failed to exhaust the administrative remedies available to him, as required by the Prison Litigation Reform Act ("PLRA").[2] As Magistrate Judge Baxter noted, Plaintiff did not file any grievances about the food and toilet claims, even though these claims involved aspects of prison life. *See* Dkt. No. 61 at 11-13; *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (finding that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes . . ."). Despite this failure to exhaust, Magistrate Judge Baxter reviewed the

---

[2] The PLRA states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to properly exhaust, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (internal citation omitted). In New York, the inmate is required to exhaust a three-step administrative review process. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

allegations against Defendants Martinez and Harris and properly concluded that they would not survive on their merits. *See* Dkt. No. 61 at 18-21. Thus, the Court adopts Magistrate Judge Baxter's recommendation that the conditions of confinement claim should be dismissed.

Likewise, Magistrate Judge Baxter properly concluded that the claims about the strip frisk could not proceed because Plaintiff has not identified and served anyone allegedly involved in that incident, despite being told "several times that he must attempt" to do so. *See id.* at 23; *see also* Dkt. No. 17 at 8-9 (stating that "plaintiff will be provided the opportunity to learn the identity of th[e] John Doe defendants through discovery and, if identified, [will] move to amend the amended complaint to name those John Doe defendants and have them served"); Dkt. No. 17 at 9-10 (ordering the New York State Attorney General's Office (the "AG's Office") to produce information about the John Doe Defendants by June 19, 2015 so that Plaintiff could identify and serve them); Dkt. No. 24-2 at 2-12 (providing Plaintiff with Log Book entries that identify the officers on duty at the time of the alleged incidents); Dkt. No. 30 at 6 (ordering that the AG's Office produce information by May 10, 2017 to help Plaintiff identify Officers Martinez and Harris); Dkt. No. 45 (directing Plaintiff to amend his Amended Complaint to add Defendant Harris's full name).[3] Therefore, the Court adopts Magistrate Judge Baxter's recommendation and dismisses the case against these Defendants. *See* Dkt. No. 61 at 25-26.

### III. CONCLUSION

Based on the foregoing, the Court hereby

---

[3] As Magistrate Judge Baxter noted, Plaintiff did not amend his Complaint despite receiving two memoranda written by officers who supposedly were involved in a strip search of Plaintiff. *See* Dkt. No. 61 at 23-24. Additionally, Plaintiff implied in the Opposition to the Motion for Summary Judgment "that there could have been another search conducted, during which the alleged sexual assault took place, and may or may not have involved Officers Cruz and/or Firester." *Id.* at 25 n.16.

**ORDERS** that the November 9, 2018 Order and Report-Recommendation (Dkt. No. 61) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant Martinez's Motion for Summary Judgment (Dkt. No. 51) is **GRANTED**; and the Court further

**ORDERS** that Amended Complaint (Dkt. No. 11) is **DISMISSED WITH PREJUDICE as against DEFENDANTS MARTINEZ and HARRIS**;[4] and the Court further

**ORDERS** that Amended Complaint (Dkt. No. 11) is **DISMISSED WITHOUT PREJUDICE as against all JOHN DOE DEFENDANTS**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 15, 2019
Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[4] The Court agrees with Magistrate Judge Baxter's recommendation to dismiss the Complaint with prejudice as to Defendants Martinez and Harris. *See* Dkt. No. 61 at 14. Plaintiff has been released from incarceration and thus can no longer exhaust his conditions of confinement claim. *See id.* (citing *Prescott v. Annets*, 09-CV-4435, 2010 WL 3020023, *7-8 (S.D.N.Y. July 22, 2010) (finding dismissal with prejudice proper where a prisoner had ample opportunity to exhaust administrative remedies but can no longer do so because he is no longer incarcerated)).