UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALFREDO LEWIS,

                              **Plaintiff,**

   vs.                                              9:15-CV-55
                                                           (MAD/ATB)

**DAVID MARTINEZ, et. al.,**

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**ALFREDO LEWIS**
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **MELISSA A. LATINO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action *pro se* on July 7, 2014, alleging that he was sexually assaulted during a strip frisk, denied food, and denied access to a working toilet while he was an inmate in the custody of the New York State Department of Corrections and Community Supervision. *See* Dkt. No. 1-1 at 1-2. On February 15, 2019, this Court entered a Memorandum-Decision and Order dismissing the case. *See* Dkt. No. 66 at 6. Ten days later, Plaintiff filed his "Objections Response / Jury Trial Requested" which the Clerk of the Court construed as a Motion for Reconsideration. *See* Dkt. No. 68. That motion is presently before the Court.

### II. DISCUSSION

A.  **Legal Standard**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The burden of proof in a Rule 60(b) motion falls on the party challenging the earlier judgment. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).

The purpose of reconsideration is not for "'advanc[ing] new facts, issues or arguments not previously presented to the Court.'" *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08-CV-5048, 2009 WL 4544287, *2 n.3 (S.D.N.Y. Dec. 4, 2009) (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted)). Additionally, a motion for reconsideration should not be granted if the moving party "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Lichtenberg v. Besicorp Grp., Inc.*, 28 Fed. Appx. 73, 75 (2d Cir. 2002) (stating that "[a] motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved'") (quotation omitted).

"In this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'" *Shaughnessy v. Garrett*, No. 5:06-CV-103, 2011 WL 1213167, *1 (N.D.N.Y. Mar. 31, 2011) (citing *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (citation omitted)).

**B.     Application**

In the present matter, the Court finds that Plaintiff has failed to present any valid ground warranting reconsideration. Plaintiff uses his motion to emphasize facts that he previously brought to the Court's attention and to reiterate his request for a jury trial. *See, e.g.*, Dkt. No. 68 at 1-2 (discussing how he was sexually assaulted and he immediately reported the sexual assault); *id.* at 2 (discussing how Plaintiff did not have a working toilet); *id.* (stating that "[a] jury is requested the proof is visible a jury should hear this case in order to seek out a fair out come"). The purpose of reconsideration is not for relitigating issues that were previously decided, so the Court will not reconsider those issues now. *See Shrader*, 70 F.3d at 257.

Additionally, Plaintiff emphasizes the difficulties he had in bringing the case *pro se*. *See* Dkt. No. 68 at 1-2 (noting that he did not have legal assistance to navigate the grievance process or draft his complaint); *id.* at 1 (stating that "Plaintiff was ignorant to what sequence to take nor was in the right state of mind"); *id.* at 3-5 (claiming that it is "hard for me to write at time hand having trouble," and attaching a Medical Report from the Nassau County Department of Social Services that discusses an issue in Plaintiff's hand). The Court considered Plaintiff's *pro se* status and limitations in the prior Memorandum-Decision and Order, and made all reasonable allowances to protect him from forfeiting his legal rights. *See* Dkt. No. 66 at 4. In fact, even though Plaintiff failed to administratively exhaust his prison life claims, the Court reviewed the merits of his case and concluded that the claims fail as a matter of law. *See id.* at 4-5 (citing Dkt. No. 61 at 18-21). The Court will not reconsider those conclusions now.

Finally, the Court previously dismissed the strip frisk claims because, even after receiving adequate discovery, Plaintiff had not identified or served anyone in connection with that incident. *See id.* at 5. Plaintiff now states that "time and date pin point who the officers were who

conducted the foul strip frisk down to the one who actual held the baton to sexually assault me." *See* Dkt. No. 68 at 1. Plaintiff still has not identified any of his alleged attackers, and he has not provided the Court with any new evidence that would warrant reconsideration.[1]

In sum, Plaintiff has not provided the Court with anything that might reasonably be expected to alter the Court's conclusion. There has been no change in controlling law or discovery of new evidence, nor is reconsideration necessary to correct a clear error of law or prevent manifest injustice. *See Shaughnessy*, 2011 WL 1213167, at *1. Therefore, the Motion for Reconsideration is denied.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion for Reconsideration is **DENIED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 14, 2019
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] The Court notes that it dismissed the case without prejudice as to the John Doe Defendants. *See* Dkt. No. 66 at 6. Therefore, if Plaintiff is able to identify his alleged attackers, he may initiate a new action against those individuals.

4